UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY D. TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-00418 |
| | § | |
| ELEMENTIS CHROMIUM INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION TO
## DISMISS AND COMPEL ARBITRATION

Before the Court is Defendant, Elementis Chromium Inc.'s (Elementis's) Motion to Dismiss and Compel Arbitration (D.E. 11). Elementis has provided proof that it instituted an Employee Handbook containing an Alternative Dispute Resolution Plan, including an arbitration agreement, and that this lawsuit is included within the scope of the arbitration agreement. *See* D.E. 11-1. Plaintiff, Anthony D. Taylor (Taylor), concedes that he had notice of the policy and accepted it. D.E. 14, p. 6. He does not contest whether this action is included within its scope. Instead, he claims that the agreement is not enforceable due to a lack of mutuality.

Whether an arbitration agreement exists and is enforceable is a question of law for the Court, applying ordinary state law contract principles. *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). Important to this determination is whether the arbitration agreement applies equally to both parties—whether there is a mutuality of obligation. If one party to the agreement may unilaterally avoid its terms, then its promise is illusory and unenforceable. *In re Palm Harbor Homes, Inc.*, 195

S.W.3d 672, 677 (Tex. 2006) (acknowledging that arbitration agreements are illusory where one party may avoid its promise).

Here, Elementis has provided an escape clause for itself in the Employee Acknowledgment. It required Taylor, as its employee, to sign an acknowledgement that the Employee Handbook was accepted as part of the terms of his employment, specifically including the following: "I understand that the Company can modify, revoke, suspend, terminate, or change any or all Company policies, procedures, and working conditions, whether or not described in this Handbook, at any time without prior notice to me or to other employees." D.E. 11-1, p. 21. When the employer may, without qualification, avoid the terms of the arbitration agreement, the agreement is unenforceable as illusory. *Palm Harbor Homes, supra*.

The Fifth Circuit has approved of the Supreme Court of Texas's holding in *In re Halliburton Co.*, 80 S.W.3d 566, 570 (Tex. 2002) that an arbitration agreement may survive such a right-to-change policy if any change could not affect the treatment of the employee's existing claim. *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 206 (5th Cir. 2012). In *Halliburton*, the policy expressly limited the employer's right to change the arbitration terms. It could not eliminate its obligation to arbitrate if it was already on notice of the claim or unless 10 days' notice had been given. *Halliburton, supra*. No such "Halliburton clause" appears in Elementis's Alternative Dispute Resolution Plan, the arbitration agreement, or the Employee Acknowledgment.

Therefore, Elementis rendered its agreement to arbitrate illusory and unenforceable through the Employee Acknowledgment. The motion to dismiss (D.E.

11), seeking dismissal or abatement of this proceeding in favor of enforcement of the arbitration agreement, is DENIED in its entirety.

ORDERED this 5th day of January, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE